UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK SIMS,<br>1623 Fendall Ct.,<br>Crofton, MD 21114<br>    Plaintiff,<br><br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 Fifth Street, NW<br>Washington, DC 20001<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff Derrick Sims (hereinafter "Plaintiff"), by and through his attorney of record, and files his *Complaint* for damages against Defendant Washington Metropolitan Area Transit Authority (hereinafter "Defendant WMATA") and for cause would show unto the Court the following:

## PARTIES

1. Plaintiff is an adult resident citizen of Maryland, residing at 1623 Fendall Ct., Crofton, Maryland, 21114.

2. Defendant Washington Metropolitan Area Transit Authority (WMATA) is a non-federal tri-jurisdictional government agency authorized by Congress that operates transits service and headquartered in Washington, DC at 600 Fifth Street, NW, Washington DC, 20001.

## JURISDICTION AND VENUE

3. This action is being brought pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(a)(3) and 42 U.S.C. Section 1983 and includes any and all federal law claims plead herein for which jurisdiction and venue is attached.

4. Supplemental jurisdiction is further proper pursuant to 28 U.S.C. § 1367 in that Plaintiff's other claims are so related to the claims which this court has original jurisdiction that they form part of the same case.

5. Venue is proper in this district, pursuant to 28 U.S.C. Section 1391 because Defendant WMATA is located in the district and a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## ADMINISTRATIVE REMEDIES

6. On February 1, 2020, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission.

7. The EEOC conducted an investigation on Plaintiff's claim. On February 12, 2020, the Equal Employment Opportunity Commission issued a dismissal and notice of right to sue.

8. The Complaint is being filed within ninety (90) days of the Plaintiff' receipt of the Notice of Right to Sue. Plaintiff has complied with all statutory and administrative prerequisites to filing suit.

## FACTS

9. Plaintiff was employed as a fleet servicer for the Washington Metropolitan Area Transit Authority (hereinafter "WMATA").

10. On or about September 3, 2019, Plaintiff was operating a WMATA Vehicle.

11. Plaintiff was observed by a WMATA supervisor smoking and using his cell phone.

12. Pursuant to section 6.01 of WMATA's electronic device policy10.3/4, using an electronic device while operating a revenue vehicle will result in discharge.

13. Plaintiff was placed on administrative leave pending the result of an investigation.

14. On September 17, 2019, Plaintiff was terminated from his position.

15. Approximately one month later, Brett Miller, a Caucasian employee, responded to a road call.

16. Mr. Miller, in his written statement to WMATA, stated that he had missed his exit, had to turn around in an unspecified parking lot, and proceeded to his destination.

17. He further stated that when he arrived, he noticed damage to the bus he was driving and called the Division.

18. During the investigation of the accident, WMATA management discovered a number of discrepancies from Mr. Miller's statement

19. Specifically, WMATA management discovered that Mr. Miller knew at the time of the accident that he had hit a bollard with the curbside of the bus at the parking lot.

20. WMATA further discovered that Mr. Miller alighted the bus, walked to the rear door area and saw the damage.

21. Mr. Miller picked up a piece of the bus that had fallen off, took it back into the bus and proceeded to his destination.

22. Mr. Miller was found to have violated two cardinal rules from the WMATA employee rule book.

23. First, Mr. Miller failed to call the Buss Operations Control Center ("BOCC") immediately after an accident and leaving the site of an accident.

24. Second, Mr. Miller failed to provide truthful statements.

25. Pursuant to the Notice to Operators #19-02 issued on January 11, 2019, the Bus Service Employee Rulebook under 1.33.1 provides "failure to immediately report an accident or incident or any attempt to conceal or misrepresent facts is an extremely serious violation of rules and will result in dismissal."

26. The Bus Service Employee Rulebook specifically states that the conduct that Mr. Miller displayed will result in the termination of his employment.

27. However, Mr. Miller received simply a twenty-day suspension in lieu of his termination. Ten days for his failure to immediately report the accident. Ten days for his attempt to mislead the agency by providing untruthful statements.

28. This punishment was given to Mr. Miller in lieu of termination and was consider his "last and final warning."

29. Both Plaintiff and Mr. Miller committed terminable offenses.

30. The offenses were committed nearly a month apart from each other.

31. Plaintiff was terminated from his position based on his offense.

32. Mr. Miller was given a twenty-day suspension despite the agency's policy requiring his termination.

33. Although both Mr. Miller and Plaintiff committed terminable offenses, only one was terminated.

34. Notably, the superintendent who issued the suspension of Mr. Miller and the termination of Plaintiff was the same person.

35. Specifically, both the termination and the suspension were issued by Jon McDonald.

36. The difference between Mr. Miller and Plaintiff is that Plaintiff is an African American while Mr. Miller is white.

37. The evidence of Defendant's racial biasness against Plaintiff and other African American employees is clear.

38. Plaintiff was subjected to disparate treatment on the because of his race.

## CAUSES OF ACTION

Count I: Race Discrimination under Title VII of the Civil Rights Act – Disparate Treatment

39. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein

40. Plaintiff was fired by Defendant WMATA because of his race in violation of Title VII of the Civil Rights Act of 1864.

41. Plaintiff is an African American male.

42. Plaintiff committed a terminable offense pursuant to Defendant WMATA's policy.

43. Plaintiff was terminated because of his offense.

44. Brandon Miller is a similarly situated white employee.

45. Mr. Miller committed a terminable offense pursuant to Defendant WMATA's policy.

46. Mr. Miller received a twenty-day suspension in lieu of termination.

47. Both adverse actions were given by the same superintendent.

48. Specifically, Jon McDonald issued both adverse actions.

49. The only difference between Plaintiff and Mr. Miller is that Plaintiff is African American.

50. The discrimination occurred on the basis of Plaintiff's race.

51. As a direct and proximate result of the unlawful acts of Defendant WMATA, Plaintiff suffered and continue to suffer lost earnings and benefits pain, suffering, humiliation, and mental distress.

Count II: Wrongful Termination

52. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

53. Plaintiff was terminated by Defendant WMATA because of his race in violation of Title VII of the Civil Rights Act of 1864.

54. Plaintiff is an African American Male.

55. Plaintiff committed a terminable offense pursuant to Defendant WMATA's policy.

56. Plaintiff was terminated because of his offense.

57. Brandon Miller is a similarly situated white employee.

58. Mr. Miller committed a terminable, more severe, offense pursuant to Defendant WMATA's policy.

59. Despite the policy explicitly requiring his termination, Mr. Miller received a twenty-day suspension in lieu of termination.

60. Both adverse actions were given by the same superintendent.

61. Specifically, Jon McDonald issued both adverse actions.

62. The only difference between Plaintiff and Mr. Miller is that Plaintiff is an African American.

63. The disparate treatment of Plaintiff is clearly based on his race.

64. Defendant WMATA's decision to terminate the African American employee while showing mercy to the white employee clearly evidences Plaintiff's wrongful termination.

65. As a direct and proximate result of the unlawful acts of Defendant WMATA, Plaintiff suffered and continues to suffer lost earnings and benefits pain, suffering, humiliation, and mental distress.

## Count III: Negligence

66. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

67. Defendant WMATA has a duty to protect its applicants and employees from discrimination in hiring, promotion, discharge, pay, fringe benefits, job training, classification, referral, and other aspect of employment, on the basis of race, color, religion, sex (including pregnancy), or national origin.

68. Defendant WMATA breached its duty by failing to protect Plaintiff from being discharged on the basis of his race.

69. This breach is evidenced by both Plaintiff, an African American, and Mr. Miller, who is white, committing terminable offense but only Plaintiff was terminated.

70. Defendant WMATA was a directly and proximately caused Plaintiff to be damaged as a result of Defendant WMATA's negligence.

71. Defendant suffered damages including, but not limited to, lost wages, lost benefits, mental distress, and humiliation.

### Count IV: Negligence

72. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

73. Defendant WMATA has duty to protect its employees from disparate treatment and/or unequal treatment on the basis of race.

74. Defendant WMATA breached its duty by terminating Plaintiff on the basis of race.

75. This breach is evidenced by both Plaintiff, an African American, and Mr. Miller, who is white, committing terminable offense but only Plaintiff was terminated.

76. Defendant WMATA was a directly and proximately caused Plaintiff to be damaged as a result of Defendant WMATA's negligence.

77. Defendant suffered damages including, but not limited to, lost wages, lost benefits, mental distress, and humiliation.

Respectfully submitted on this 12th day of May 2020,

<u>*/s/ Charles Tucker, Jr.*</u>
Charles Tucker, Jr.
TuckerMoore Group, LLP
8181 Professional Pl. Suite 207
Hyattsville, MD 20785
(301) 577-1175
Charles@tuckerlawgroupllp.com
